# Case No. 19-1413

## UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

**303 CREATIVE LLC** and **LORIE SMITH**,

*Plaintiffs-Appellants,*

v.

**AUBREY ELENIS**, et al.,

*Defendants-Appellees,*

On appeal from the United States District Court
for the District of Colorado
The Honorable Chief Judge Marcia S. Krieger
Case No. 1:16-cv-02372-MSK

### PLAINTIFFS-APPELLANTS' MOTION FOR ATTORNEYS' FEES

Kristen K. Waggoner
Jonathan A. Scruggs
Katherine L. Anderson
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
kwaggoner@ADFlegal.org
jscruggs@ADFlegal.org
kanderson@ADFlegal.org

David A. Cortman
John J. Bursch
Alliance Defending Freedom
440 First Street NW, Suite 600
Washington, DC 20001
(202) 393-8690
dcortman@ADFlegal.org
jbursch@ADFlegal.org

*Attorneys for Plaintiffs-Appellants 303 Creative LLC and Lorie Smith*

## Plaintiffs-Appellants' Motion for Attorneys' Fees

Plaintiffs-Appellants, 303 Creative LLC and Lorie Smith (together "Smith"), respectfully move this Court for an order declaring that they are the prevailing parties in this litigation, that they are entitled to an award of attorney fees, expenses, and costs incurred during this litigation, and that this matter be remanded to the U.S. District Court for the District of Colorado for it to calculate the amount of such fees, expenses, and costs and to enter of judgment of an award against Defendants-Appellees ("Colorado"). Smith moves under 42 U.S.C. § 1988 and Tenth Circuit Rule 39.2. Smith conferred with Colorado's counsel who oppose this motion. *See* Tenth Circuit Rule 27.1.

## Procedural Background

Nearly seven years ago, in September 2016, Smith filed this lawsuit, challenging the Accommodation and Communication Clauses of Colorado's Anti-Discrimination Act ("CADA"). She alleged that these Clauses violated her constitutional rights under the First and Fourteenth Amendments by coercing her to design custom websites celebrating a view of marriage she did not believe and by prohibiting her from explaining her reasons for only creating content consistent with her beliefs. Aplt. App. 1–045-75 (¶¶ 205–398).[1] She sought to prevent Colorado from enforcing CADA against her as applied to her custom

---

[1] Smith's record citations will appear as "Aplt. App. [Vol. #]–[Page #]."

wedding website designs and statements about those designs. The lawsuit raised questions under 42 U.S.C. § 1983 and requested relief under 28 U.S.C. §§ 2201–2202, along with costs, expenses, and reasonable attorneys' fees under 42 U.S.C. § 1988. *Id.* at 1–020 (¶¶16–19); *id.* at 1–075-76 (¶¶ 1–9).

Simultaneously with the complaint, Smith filed a preliminary-injunction motion. Colorado vigorously contested both filings, opposing the preliminary-injunction motion and also moving to dismiss. The district court heard both motions in early 2017. Aplt. App. 3–510-11. At that hearing, the parties agreed that no factual disputes existed, and the court ordered Smith to seek summary judgment, consolidating that with the other pending motions. Aplt. App. 1–149-53 (Hr'g Tr. 9:8–13:2). Smith did so.

In September 2017, the district court partially granted Colorado's motion to dismiss and denied Smith's motions. Aplt. App. 3–509-21. The court dismissed Smith's Accommodation Clause claims for lack of standing. *Id.* at 3–520-21. The court concluded Smith had standing for her Communication Clause claims, yet declined to resolve those claims until the Supreme Court decided *Masterpiece Cakeshop, Ltd. v. Colorado Civil Rights Commission (Masterpiece I)*, 138 S. Ct. 1719 (2018). *Id.* Smith filed an interlocutory appeal that this Court dismissed for insufficient jurisdiction because the district court lifted its stay after *Masterpiece I*. Order & Judgment at 3–6, *303 Creative LLC v. Elenis*, No.

17-1344 (10th Cir. Aug. 14, 2018), ECF No. 010110037049.

In May 2019, the district court issued a second order. It denied Smith's summary-judgment motion as to the Communication Clause and ordered her to explain why it shouldn't enter final judgment against her. Aplt. App. 3–563-88. The court "assum[ed] the constitutionality of the Accommodation Clause"—that this Clause could constitutionally compel Smith to create custom wedding websites celebrating same-sex marriage—because it had already dismissed Smith's challenge to that Clause. *Id.* at 3–568. The court then held that the Communication Clause did not violate the First Amendment by limiting Smith's ability to publish her reasons for declining to create content celebrating a view of marriage she did not believe. *Id.* at 3–575-82. In September 2019, the district court issued summary judgment against Smith and entered final judgment for Colorado. *Id.* at 3–752-61.

Smith appealed to this Court again. This time, this Court held that Smith had standing to challenge both Clauses—the Accommodation and Communication Clauses. *303 Creative v. Elenis*, 6 F. 4th 1160, 1175 (10th Cir. 2021). But a majority of this Court rejected Smith's First and Fourteenth Amendment claims on the merits. *Id.* at 1183, 1188–90.

Smith filed a petition for certiorari, which the U.S. Supreme Court granted as to Smith's First Ament free-speech claim. On June 30, 2023, the Court reversed the Tenth Circuit's judgement. *303 Creative v. Elenis*, 143 S. Ct. 2298 (2023). On August 1, 2023, the Supreme Court issued its

3

judgment, ordering that Smith recover costs from Colorado. Order, *303 Creative*, No. 21-476 (U.S. Aug. 1, 2023). And on August 9, 2023, this Court recalled the district court's mandate and vacated the judgment. Order, *303 Creative LLC v. Elenis*, No. 19-1413 (10th Cir. Aug. 9, 2023), ECF No. 010110900674.

Because the Supreme Court reversed this Court's decision, this is the first time that Smith has been able to request an award of attorney fees, expenses, and costs.

## Legal Basis for Attorney Fees

Smith seeks to recover attorney fees, costs, and expenses under 42 U.S.C. § 1988. *See* § 1988(b) ("In any action or proceeding to enforce … [Section 1983], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs …"). While courts have discretion, the Supreme Court has stated that plaintiffs in civil-rights cases "should ordinarily recover an attorney's fee" when they prevail. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983); *accord Robinson v. City of Edmond*, 160 F.3d 1275, 1280 (10th Cir. 1998). And this Court has recognized a "presumption in favor of awarding prevailing plaintiffs attorney's fees." *Browder v. City of Moab*, 427 F.3d 717, 721 (10th Cir. 2005).

Here, it is indisputable that Smith qualifies as the prevailing party under 42 U.S.C. § 1988(b). Under that section, plaintiffs prevail when they "succeeded on [a] significant issue in litigation which

4

achieved some of the benefit the parties sought in bringing suit." *Kan. Judicial Watch v. Stout*, 653 F.3d 1230, 1235 (10th Cir. 2011) (internal citation & quotation marks omitted); *see Farrar v. Hobby*, 506 U.S. 103, 111 (1992) ("[T]o qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim.").

Smith did just that. The Supreme Court held that Colorado could not apply the Accommodation Clause against Smith to force her to "speak in ways that align with [the state's] view but defy her conscience." *303 Creative*, 143 S. Ct. at 2321. Nor could Colorado prevent Smith from explaining her reasons for only creating content consistent with her beliefs through the Communication Clause. *Id.* at 2309 n.1, 2319. In accordance with this ruling, Smith will ask the district court to enter injunctive and declaratory relief consistent with the Supreme Court's opinion.

In sum, Smith achieved her ultimate goal: prohibiting Colorado from enforcing CADA against her in a way that compelled her to create custom wedding website content that violated her beliefs about marriage or that restricted her from explaining those beliefs. To that end, the Supreme Court already awarded Smith the costs that she incurred in that Court..

## Conclusion

Smith respectfully requests that this Court enter an order awarding her reasonable attorney fees, expenses, and costs pursuant to

42 U.S.C. § 1988, Fed. R. App. 39, and 28 U.S.C. § 1920. Specifically, Smith requests reasonable attorney fees, expenses, and costs for the following:

- the district court litigation;
- the 2017 Tenth Circuit appeal;[2]
- the 2019 Tenth Circuit appeal;
- the Supreme Court litigation;[3] and
- litigation of this motion and appeals related to defense of a fee award.[4]

Smith also respectfully requests that, consistent with its longstanding practice, this Court remand to the district court for it to issue declaratory and injunctive relief and for it to determine in the first instance attorney fees (including a calculation of hours and rates), expenses, and costs incurred in this litigation. *See Roth v. Green*, 466 F.3d 1179, 1195 (10th Cir. 2006) (remanding to district court for determination of appellate attorneys' fees and costs); *Hoyt v. Robson Companies, Inc.*, 11 F.3d 983, 985 (10th Cir. 1993) (same). In the unlikely event this Court decides to retain jurisdiction to decide

---

[2] *Tolbert v. Queens Coll.*, 242 F.3d 58, 78 (2d Cir. 2001) (prevailing party under § 1988 entitled to fees for both present and prior appeals).
[3] *Id.*
[4] *Hines v. City of Albany*, 862 F.3d 215, 223 (2d Cir. 2017) (noting that § 1988 allows recovering reasonable attorneys' fees "incurred as a result of appeals related to the defense of a fee award").

attorney fees, expenses, and costs incurred by Smith on appeal, then she respectfully requests that the Court issue a briefing schedule that provides both sides with adequate time to prepare their submissions.

Dated: August 14, 2023

                                  Respectfully submitted,

                                  *s/ Jonathan A. Scruggs*

| | |
|---|---|
| David A. Cortman | Kristen K. Waggoner |
| John J. Bursch | Jonathan A. Scruggs |
| ALLIANCE DEFENDING FREEDOM | Katherine L. Anderson |
| 440 First Street NW, Suite 600 | ALLIANCE DEFENDING FREEDOM |
| Washington, DC 20001 | 15100 N. 90th Street |
| (202) 393-8690 | Scottsdale, AZ 85260 |
| dcortman@ADFlegal.org | (480) 444-0020 |
| jbursch@ADFlegal.org | kwaggoner@ADFlegal.org |
| | jscruggs@ADFlegal.org |
| | kanderson@ADFlegal.org |

*Attorneys for Plaintiffs-Appellants 303 Creative LLC and Lorie Smith*

7

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2023 a true and accurate copy of the foregoing document was electronically filed with the Court using the CM/ECF system, which will automatically serve electronic copies upon all counsel of record.

Date: August 14, 2023                    s/ Jonathan A. Scruggs
                                          Jonathan A. Scruggs