FILED
United States Court of Appeals
Tenth Circuit

October 3, 2023

Christopher M. Wolpert
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT
_____

303 CREATIVE LLC, a limited liability company; LORIE SMITH,

    Plaintiffs - Appellants,

v.

AUBREY ELENIS; CHARLES GARCIA; AJAY MENON; MIGUEL RENE ELIAS; RICHARD LEWIS; KENDRA ANDERSON; SERGIO CORDOVA; JESSICA POCOCK; PHIL WEISER,

    Defendants - Appellees.

------------------------------

FOUNDATION FOR MORAL LAW; CATO INSTITUTE; CENTER FOR RELIGIOUS EXPRESSION; CATHOLICVOTE.ORG EDUCATION FUND; LAW AND ECONOMIC SCHOLARS; TYNDALE HOUSE PUBLISHERS; CROSSROADS PRODUCTIONS, INC., d/b/a Catholic Creatives; WHITAKER PORTRAIT DESIGN, INC., d/b/a Christian Professional Photographers; THE BRINER INSTITUTE, INC.; STATE OF ARIZONA; STATE OF ALABAMA; STATE OF ALASKA; STATE OF ARKANSAS; STATE OF KENTUCKY; STATE OF LOUISIANA; STATE OF MISSOURI; STATE OF MONTANA; STATE OF NEBRASKA; STATE OF OKLAHOMA; STATE OF SOUTH CAROLINA; STATE OF TENNESSEE; STATE OF TEXAS; STATE OF WEST

No. 19-1413
(D.C. No. 1:16-CV-02372-MSK-CBS)
(D. Colo.)

VIRGINIA; ROBERT P. GEORGE, Professor; AMERICAN CIVIL LIBERTIES UNION OF COLORADO; AMERICAN CIVIL LIBERTIES UNION FOUNDATION; AMERICANS UNITED FOR SEPARATION OF CHURCH AND STATE; ANTI-DEFAMATION LEAGUE; BEND THE ARC: A JEWISH PARTNERSHIP FOR JUSTICE; CENTRAL CONFERENCE OF AMERICAN RABBIS; GLOBAL JUSTICE INSTITUTE, METROPOLITAN COMMUNITY CHURCHES; HADASSAH, THE WOMEN'S ZIONIST ORGANIZATION OF AMERICA, INC.; HINDU AMERICAN FOUNDATION; INTERFAITH ALLIANCE FOUNDATION; INTERFAITH ALLIANCE OF COLORADO; MEN OF REFORM JUDAISM; PEOPLE FOR THE AMERICAN WAY FOUNDATION; RECONSTRUCTIONIST RABBINICAL ASSOCIATION; SIKH COALITION; WOMEN OF REFORM JUDAISM; UNION FOR REFORM JUDAISM; STATE OF MASSACHUSETTS; STATE OF CALIFORNIA; STATE OF CONNECTICUT; STATE OF DELAWARE; DISTRICT OF COLUMBIA; STATE OF HAWAII; STATE OF ILLINOIS; STATE OF MAINE; STATE OF MARYLAND; STATE OF MINNESOTA; STATE OF NEVADA; STATE OF NEW JERSEY; STATE OF NEW MEXICO; STATE OF NEW YORK; STATE OF NORTH CAROLINA; STATE OF OREGON; STATE OF PENNSYLVANIA; STATE OF RHODE ISLAND; STATE OF VERMONT; STATE OF VIRGINIA; STATE OF WASHINGTON; LAW PROFESSORS OF THE STATE OF COLORADO; LAW PROFESSORS

FROM THE STATE OF KANSAS; LAW PROFESSORS FROM THE STATE OF NEW MEXICO; LAW PROFESSORS FROM THE STATE OF OKLAHOMA; LAW PROFESSORS FROM THE STATE OF UTAH; LAW PROFESSORS FROM THE STATE OF WYOMING; LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW; SOUTHERN POVERTY LAW CENTER; ASIAN AMERICAN LEGAL DEFENSE & EDUCATION FUND; LATINOJUSTICE PRLDEF; LEADERSHIP CONFERENCE ON CIVIL AND HUMAN RIGHTS; NATIONAL ACTION NETWORK; THE CENTER FOR CONSTITUTIONAL RIGHTS; CENTER FOR CONSITUTIONAL RIGHTS; FLOYD ABRAMS; ERWIN CHEMERINSKY; WALTER DELLINGER; KERMIT ROOSEVELT; AMANDA SHANOR; REBECCA TUSHNET; MAX H. BAZERMAN; MONICA C. BELL; ISSA KOHLER-HAUSMANN; DAVID LAIBSON; ADAM J. LEVITIN; MARY-HUNTER MCDONNELL; NEERU PAHARIA; NINA STROHMINGER; TOM R. TYLER; LAUREN E. WILLIS; LAMBDA LEGAL DEFENSE & EDUCATION FUND, INC.,

    Amici Curiae.

_____

**ORDER**

_____

Before **TYMKOVICH**, **BRISCOE**, and **MURPHY**, Circuit Judges.

_____

This matter is before the court on: (1) plaintiffs-appellants' *Motion for Attorneys' Fees*; (2) defendants-appellees' substantive response in opposition to that motion; and (3) plaintiffs-appellants' reply.

This court has discretion to award a reasonable attorney's fee to prevailing parties in civil rights cases. *See* 42 U.S.C. § 1988(b) ("In any action or proceeding to enforce a provision of section[] . . . 1983 . . . of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . .").

"To qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim. The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought." *Farrar v. Hobby*, 506 U.S. 103, 111 (1992) (citations omitted). Although the plaintiff has been successful before the Supreme Court, she has yet to obtain an enforceable judgment from the district court on the merits and no injunction has issued. Until that occurs, there has not been a "material alteration of the legal relationship between the parties." *Id*. at 103.

Accordingly, the court denies plaintiffs-appellants' motion for attorney fees without prejudice.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk